STATE EX REL. GEYMAN ET AL., RELATORS, v. DISTRICT
COURT OF THE SECOND JUDICIAL
DISTRICT ET AL., RESPONDENTS.

(No. 1,815.)

(Submitted April 28, 1902.    Decided May 5, 1902.)

*Mines and Mining — Actions Between Adjacent Owners—
Trespass — Inspection and Survey of Property—Order—
Grounds.*

1.  Code of Civil Procedure, Sec. 1314, authorizes on good cause shown an
    order for the inspection of a mining claim involved in litigation, even
    though entry must be made through lands of the adverse party. Plaintiff
    and defendant claimed adjoining premises under placer patents, and in an
    action for trespass plaintiff moved for an inspection. It appeared that
    plaintiff had no openings in his property, and therefore no means of ascer-
    taining the conditions beneath the surface; that defendants were mining
    on their own premises, and through drifts, some of them in the direction
    of plaintiff's premises, and that blasting could be heard, and the con-
    cussion felt, by persons residing on the premises in the same relative posi-
    tion of plaintiff's premises; that defendants had been removing large
    amounts of ore through their shaft for months, and had refused to admit
    any one thereto, or even to the inclosure about it; that they denied that
    plaintiffs had any right to the minerals beneath their surface. The surface
    had been platted as an addition to a city, the respective parties owning
    certain of the lots and blocks, and claiming the mineral rights to the
    middle line of the adjacent streets and alleys, so that *prima facie* they
    had no extralateral rights. *Held,* not an abuse of discretion to grant the
    order, subject to the limitation that the inspection should extend to no
    other workings than those made in the direction of plaintiff's property.
2.  The evidence upon which an order of inspection and survey is made, under
    Section 1314 of the Code of Civil Procedure, need go no further than would
    be necessary to support a search warrant in a given case.

APPLICATION by Charles L. Geyman and others for a writ
under the supervisory power of the supreme court to vacate an
order for the inspection of a litigated mining claim, made in
an action by Joseph T. Carroll and others against the Geyman
Mining Company and others. Writ denied.

*Messrs. McBride & McBride,* for Relators.

*Messrs. Forbis & Mattison, Messrs. McHatton & Cotter,* and
*Mr. John Lindsay,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for a writ under the supervisory power of this court, requiring the district court of Silver Bow county and E. W. Harney, its judge, to vacate an order of inspection and survey made in an action pending in that court, wherein Joseph T. Carroll and others are plaintiffs and the Geyman Mining Company, a corporation, and others, · are defendants. The plaintiffs in the action seek to recover of the defendants damages for trespasses, which, it is alleged, they are and have been committing since July 1, 1901, by entering beneath the surface of certain mining · property belonging to plaintiffs, by means of underground workings in adjoining property belonging to defendants, and removing ores of great value. Relief is also sought by way of injunction.

The order complained of was made upon petition by the plaintiffs, and after a hearing at which evidence was introduced by both sides. The only question submitted to us is whether the evidence is sufficient to justify the order. We are of the opinion that it is. It is often not possible upon such applications to present evidence showing with certainty that a trespass is being, or has been committed, or the extent of it. To obtain evidence to establish these matters is the very purpose for which the statute (Code of Civil Procedure, Sec. 1314) permits an inspection to be made. If, in a given case, it appeared that plaintiff had in his possession the facts showing the particulars of the wrong complained of, and the extent of it, an inspection would not be necessary. Where, however, he has sufficient evidence to warrant an honest belief that his rights are being invaded, but the means of ascertaining with certainty the actual conditions are in the exclusive control of the defendant, the court should, in the exercise of a sound discretion, and under proper restrictions, place the means of knowledge in the hands of the plaintiff. So, on the other hand, it often happens in controversies over mines that the defendant is charged with trespassing upon the rights of the plaintiff by

means of operations conducted by the former within the limits of his own territory; as, for instance, where the charge is that the defendant is taking ores from a vein or lode claimed by the plaintiff by virtue of his ownership of the apex of it, so situated with reference to his end lines as to give him extralateral rights. In such case it is frequently necessary, to a proper adjustment of the conflicting claims, that the defendant be permitted to enter upon the premises of the plaintiff to observe the physical and geological facts apparent in the openings made in plaintiff's premises. Access to them is often not possible except through the shaft and other workings of the plaintiff. Neither of the parties should, under such circumstances, be compelled to accept the evidence of the facts as given by his adversary without an opportunity to controvert them, or to satisfy himself that such evidence is trustworthy. Where, as in quartz mining, operations are conducted almost exclusively beneath the surface, the owners of adjoining property have no means of informing themselves as to the extent and condition of them; and when controversies arise as to the respective rights of such owners, the court having jurisdiction of the controversy should, under the power conferred by the statute, afford the parties every reasonable facility for obtaining the facts. From the very nature of the case, the ignorance of the party invoking the aid of the court, and the want of the means to acquire the information necessary to make out his case, are of the greatest import. If these facts appear, and the circumstances otherwise appearing to the court in the evidence furnish reasonable ground for the belief that an inspection will aid the court in the investigation of the case, the order should be granted.

The evidence in the record before us establishes these facts: The property of the plaintiffs adjoins that of the defendants. The plaintiffs have no openings in their property, and therefore no means of ascertaining the conditions beneath the surface. Defendants are engaged in mining through a shaft on their own premises and through drifts and tunnels extending

therefrom, some of them in the direction of plaintiffs' premises. Blasting can be heard, and the concussion created by it felt, by persons residing on the premises in the same relative position of plaintiffs' premises. The defendants have been removing large amounts of ore through their shaft for months, and have refused to permit any one to enter the shaft, or even the inclosure built around it. There is some evidence tending to show that they deny that plaintiffs have any right to the minerals beneath their surface. So far as we can judge from the record, the title of both plaintiffs and defendants is based upon a placer patent from the United States. The surface has been platted as an addition to the city of Butte. The respective parties own certain of the lots and blocks, and claim the mineral rights to the middle line of the adjacent streets and alleys. *Prima facie,* therefore, they have no extralateral rights.

Upon these facts the court granted the order, subject to the limitation that the inspection should extend to no other workings than those made in the direction of plaintiffs' premises.

We do not think there was a manifest abuse of discretion, though the defendants' witnesses, acquainted with the underground workings, testified that there had been no invasion of plaintiffs' rights. The plaintiffs are entitled to be informed of the actual conditions by personal observation. Inspection orders are, in their nature, search warrants to obtain evidence. Search warrants will issue in certain cases (Penal Code, Sec. 2821) to bring personal property into the presence of the court, upon affidavit or deposition showing the facts tending to establish the grounds of the application or probable cause to believe they exist (*Id.* Sec. 2824). The officer executing the warrant may, if refused admittance, break open and enter the house or other buildings to be searched, in order to find the the property. (*Id.* Sec. 2828.) By analogy, the evidence upon which the order of inspection is made need go no further than would be necessary to support a search warrant in a given case.

The writ is denied, and the proceeding is dismissed.

*Dismissed.*